UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN MARIE GOMES,<br><br>Plaintiff,<br><br>v.<br><br>NICK BOONE, Placer County Probation Officer; MR. WILLIAMS, employee at Placer County Juvenile Detention Center; PLACER COUNTY PROBATION OFFICE; and Does 1 through 20,<br><br>Defendants. | No. 2:15-cv-1546 TLN DB PS<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On March 7, 2017, defendants filed a motion for summary judgment and noticed that motion for hearing before the undersigned on April 7, 2017. (ECF No. 35.) Pursuant to Local Rule 230(c) plaintiff was to file an opposition or a statement of non-opposition to defendants' motion "not less than fourteen (14) days preceding the noticed . . . hearing date." Plaintiff, however, failed to file a timely opposition or statement of non-opposition.

Accordingly, on March 31, 2017, the court issued an order to show cause, ordering plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution, as well as ordering plaintiff to file a statement or opposition or

1

non-opposition to defendants' motion for summary judgment on or before May 12, 2017.[1]  (ECF No. 36.)  That order also continued the hearing of defendants' motion for summary judgment to May 26, 2017.  On April 13, 2017, plaintiff filed a response to the order to show cause.  (ECF No. 37.)

On May 12, 2017, plaintiff filed a motion for a three-day extension of time to file her opposition.  (ECF No. 38.)  On May 24, 2017, the undersigned issued an order discharging the March 31, 2017 order to show cause, continuing the hearing of defendants' motion to June 23, 2017, and ordering plaintiff to file a statement of opposition or non-opposition to defendants' motion for summary judgment on or before June 9, 2017.  (ECF No. 39 at 2.)  Plaintiff was warned that the failure to timely comply with that order could result in a recommendation that this case be dismissed.  (Id.)  Nonetheless, the time provided plaintiff has expired and plaintiff has not filed an opposition or a statement of non-opposition.

ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable

---

[1] This was the second time plaintiff had been issued an order to show cause as a result of her failure to prosecute this action.  See ECF No. 28.

rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff has failed to file a statement of opposition or non-opposition to defendants' motion for summary judgment. Plaintiff has been given more than sixty days to file a statement of opposition or non-opposition to defendants' motion. On May 24, 2017, the undersigned ordered plaintiff to file a statement of opposition or non-opposition to defendants' motion on or before June 9, 2017. Plaintiff has failed to respond to that order in any way. That order specifically warned plaintiff that the failure to file a written response to that order could result in a recommendation that this matter be dismissed.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1) Defendants' March 7, 2017 motion for summary judgment (ECF No. 35) is denied without prejudice as having been rendered moot.[2]

2) The June 23, 2017 hearing of defendants' motion for summary judgment is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's July 17, 2015 complaint (ECF No. 1) be dismissed without prejudice; and

2) This action be closed.

////

////

---

[2] In the event the assigned District Judge does not adopt these findings and recommendations, defendants may re-notice their motion for summary judgment for hearing before the undersigned.

1     These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within fourteen days after service of the objections.  The parties are
7 advised that failure to file objections within the specified time may waive the right to appeal the
8 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 15, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/gomes1546.dlop.f&rs

4