1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MORGAN MARIE GOMES,                      No.  2:15-cv-01546-TLN-DB

12                  Plaintiff,

13          v.                                **ORDER**

14   NICK BOONE; RICHARD WILLIAMS;
     PLACER COUNTY PROBATION
15   OFFICE; and Does 1 through 20,

16                  Defendant.

17

18          This matter is before the Court on Defendants Nick Boone, Richard Williams, and Placer

19   County Probation Office's (collectively, "Defendants") Motion for Summary Judgment.  (ECF

20   No. 35.)  Plaintiff Morgan Marie Gomes ("Plaintiff") opposes Defendants' motion.  (ECF No.

21   41.)  For the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED

22   in part and DENIED in part.  (ECF No. 35.)

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant Boone, a probation officer, arrested Plaintiff for a probation violation on July 17, 2013. (ECF No. 48-1 ¶ 1.) At the time of her arrest, Plaintiff admitted to officers that she was under the influence of drugs. (ECF No. 35-3 at 6.) Plaintiff has Type I diabetes, but she did not have her insulin pump attached to her body at the time of arrest. (ECF No. 48-1 at ¶ 2.) Prior to booking, Defendant Boone took Plaintiff to Auburn Faith Hospital ("AFH") for medical clearance. (ECF No. 48-1 at 9 ¶ 5.) Upon her release from AFH, Plaintiff's blood sugar level was 391.[2] (ECF No. 48-1 ¶ 6.)

Plaintiff was booked into Placer County Juvenile Detention Facility ("JDF") around 4:00 PM on July 17, 2013. (ECF No. 48-1 ¶ 7.) Plaintiff's blood sugar level at the time of booking was 347. (ECF No. 48-1 ¶ 8.) Probation staff gave Plaintiff ten units of insulin shortly thereafter. (ECF No. 48-1 ¶ 10.)

Around 1:30 AM, Plaintiff vomited. (ECF No. 48-1 ¶ 11.) Probation staff tested Plaintiff's blood sugar at 3:05 AM and found her blood sugar level to be 444. (ECF No. 48-1 ¶¶ 13, 25.) The supervising officer called the California Forensic Medical Group ("CFMG") to report Plaintiff's increasing blood sugar level. (ECF No. 48-1 ¶ 13.) Probation staff then placed Plaintiff on "Welfare Safety Checks." (ECF No. 48-1 ¶ 15.) Although the standard at JDF is to check patients every fifteen minutes, a JDF supervisor directed Defendant Williams, a JDF employee, to check Plaintiff every five minutes. (ECF No. 48-1 ¶¶ 16–17.)

Per CFMG's orders, probation staff transported Plaintiff back to AFH for further medical evaluation around 7:05 AM on July 18, 2013. (ECF No. 48-1 ¶ 18.) Plaintiff remained in the hospital for four days until she was discharged on July 22, 2013. (ECF No. 41 at 13.)

On July 17, 2015, Plaintiff brought two causes of action against Defendants: (1) cruel and unusual punishment pursuant to 42 U.S.C. section 1983 ("section 1983"); and (2) agency liability under section 1983. (ECF No. 1.)

---

[1] The background section provides a general overview of the dispute based on the evidence submitted by the parties, from which the Court finds there are no genuine issues of material fact. A more detailed analysis of the evidentiary record appears in the discussion below.

[2] Per Plaintiff's Exhibit H, a normal blood glucose (or sugar) level should be between 70–100. (*See* ECF No. 41 at 5.) Defendants do not dispute the normal blood sugar range provided by Plaintiff.

## II.    STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at 324 (internal quotations omitted).  Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial." *First Nat'l Bank*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

**III. ANALYSIS**

Defendants move for summary judgment on both causes of action. (ECF No. 35-1 at 2.) As to the Eighth Amendment claim, Defendants argue the Court can rule as a matter of law that Defendants provided Plaintiff with adequate medical care. (ECF No. 35-1 at 4.) As to the agency liability claim, Defendants argue summary judgment is appropriate because Plaintiff fails to provide evidence in support of her claim. (ECF No. 35-1 at 5.) The Court will address Defendants' arguments in turn.

A. Eighth Amendment Claim

Defendants move for summary judgment on Plaintiff's Eighth Amendment claim, arguing that Plaintiff received adequate medical care while in Defendants' custody. (ECF No. 35-1 at 4.) Defendants further contend that Plaintiff fails to present any admissible evidence that creates a genuine issue of fact as to two requirements of her Eighth Amendment claim: (1) a showing that

probation staff acted with deliberate indifference; and (2) a showing that the alleged deliberate indifference caused Plaintiff's injury. (ECF No. 48 at 1.) Defendants argue that Plaintiff's allegations show Defendants were negligent at most, which is insufficient to state an Eighth Amendment claim. (ECF No. 48 at 2.)

In opposition, Plaintiff argues her medical condition requires more medical monitoring than Defendants provided. (ECF No. 41 at 2.) Plaintiff also argues that Defendants ignored her repeated, urgent demands for medical assistance. (ECF No. 41 at 2.)

Inadequate medical care does not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is serious if failure to treat the condition could cause further significant injury or the unnecessary and wanton infliction of pain. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). To establish deliberate indifference, Plaintiff must show that Defendants knew of and disregarded an excessive risk to her health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need. *McGuckin*, 974 F.2d at 1059. Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care. *Id.* at 1059–60. However, a showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. *Estelle*, 429 U.S. at 105-06; *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). An inmate must allege facts to indicate a culpable state of mind on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 297–99 (1991).

In the instant case, the parties agree there was at least some delay (1) in checking Plaintiff's blood sugar after she vomited and (2) in transporting Plaintiff back to AFH. (ECF No. 48-1 at 1–11.) Such delays by Defendants may provide at least a reasonable inference in Plaintiff's favor that Defendants knew of and disregarded Plaintiff's serious medical needs. *Lolli v. Cty. of Orange*, 351 F.3d 410, 420 (9th Cir. 2003) ("[A] constitutional violation may take place

when the government does not respond to the legitimate medical needs of a detainee whom it has reason to believe is diabetic.").

In addition to the delays, Plaintiff further argues Defendants were deliberately indifferent regarding Plaintiff's insulin pump. (ECF No. 41 at 8.) Defendant Boone filed a signed declaration in which he states Plaintiff's grandmother gave him Plaintiff's insulin pump when he took Plaintiff into custody. (ECF No. 48-1 at 2.) Defendant Boone states he provided the insulin pump to an intake nurse at JDF when Plaintiff was booked. (ECF No. 48-1 at 17.) Plaintiff's grandmother also filed a signed declaration in which she describes how Defendant Boone arrested Plaintiff without her insulin pump despite being told Plaintiff was diabetic. (ECF No. 48-1 at 19.) Plaintiff's grandmother asserts that she later took Plaintiff's pump to JDF but probation staff lost and then ultimately returned Plaintiff's insulin pump in a bag filled with trash. (ECF No. 48-1 at 19–20.)

Taking Plaintiff's evidence as true and drawing all reasonable inferences in her favor, the Court finds that reasonable minds could differ as to whether Defendants were deliberately indifferent to Plaintiff's needs as a diabetic. *See Anderson*, 477 U.S. at 251–252, 255. Indeed, Plaintiff raises several triable issues of material fact: whether Defendants delayed providing Plaintiff with treatment and taking her back to AFH; whether Defendant Boone took custody of Plaintiff without her insulin pump despite being told she needed it; and whether Plaintiff's insulin pump ended up in a bag filled with trash. The foregoing evidence could lead a reasonable jury to conclude Defendants possessed the culpable state of mind required for deliberate indifference. *See Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 297–99. The Court therefore declines to find as a matter of law that Defendants did not violate Plaintiff's Eighth Amendment rights.

Accordingly, the Court DENIES Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment claim.

### B. Agency Liability for Failure to Train

Defendants next move for summary judgment on Plaintiff's agency liability claim for failure to train probation staff. (ECF No. 35-1 at 5.) Defendants argue Plaintiff fails to set forth any evidence supporting her allegation that Defendants had a custom, policy, or practice to deny

medical treatment. (ECF No. 48 at 2.) As the Court interprets Plaintiff's opposition, Plaintiff seems to contend Defendants' failure to provide immediate medical care in the instant case suggests that such delay "was due to Defendants' own policy." (ECF No. 41 at 15.)

A government entity may be held liable under 42 U.S.C. § 1983, but such liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights and not on the basis of the respondeat superior doctrine or vicarious liability. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 689–91 (1977). Municipal liability only attaches when execution of a government's policy or custom inflicts the plaintiff's injury. *Id.* at 694; *see also Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). The Ninth Circuit has held that a single incident will not suffice to show a policy. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). In order to succeed, Plaintiff must show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). For a failure to train claim, "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 380 (1989).

To survive Defendants' motion, Plaintiff must establish there is a genuine issue of material fact by tendering evidence that such a dispute exists. *Matsushita*, 475 U.S. at 585–87; *First Nat'l Bank*, 391 U.S. at 288–89 (1968). The Court cannot draw an inference out of the air. *Richards*, 602 F. Supp. at 1244–45. Plaintiff fails to provide evidence to support her allegation that neither the probation department nor the juvenile detention facility ever trained any of its staff regarding use of an insulin pump and the lack of training caused Plaintiff's injuries. (ECF No. 1 at 6.) Rather, Plaintiff's sole evidence of Defendants' failure to train seems to be Defendants' alleged conduct in the instant case. However, a single or isolated incident is generally insufficient to demonstrate a policy for agency liability purposes. *Christie*, 176 F.3d at 1235. Such evidence is similarly insufficient to constitute the showing of deliberate indifference required for a failure to train claim. *City of Canton*, 489 U.S. at 380; *see, e.g., Am. News & Info.*

7

*Servs. v. Gore*, No. 16-55770, 2019 U.S. App. WL 3322376, at *2 (9th Cir. July 24, 2019) (affirming a district court's summary judgment ruling in favor of defendants on the issue of agency liability where the only evidence on training did not suggest any deficiency).

Put simply, no reasonable jury could find for Plaintiff on her agency liability claim because Plaintiff does not provide any evidence outside of this particular incident that Defendants failed to train its employees, or that such a failure would amount to deliberate indifference as required for an actionable claim under section 1983. *City of Canton*, 489 U.S. at 380. The Court therefore GRANTS Defendants' motion for summary judgment as to Plaintiff's agency liability claim.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendants' motion as to Plaintiff's first cause of action and GRANTS summary judgment as to Plaintiff's second cause of action.

IT IS SO ORDERED.

Dated: November 6, 2019

Troy L. Nunley
United States District Judge